IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Lorna Saylor, ) | C/A No. 5:04-23160-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER and OPINION |
| ) | |
| Wal-Mart Stores, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I. Introduction**

Plaintiff filed this action, *pro se*, in the Magistrate's Court of Orangeburg County, South Carolina. In her complaint, Plaintiff alleges "harassment on the job by [her] supervisor." Complaint, 6. Plaintiff seeks monetary damages in the amount of $7,580.00. Defendant removed the case to this court on December 3, 2004, claiming federal question jurisdiction under 28 U.S.C. § 1331. Defendant argued that Plaintiff's complaint, though failing to explicitly state it, alleged a violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e et seq.

On December 10, 2004, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. Defendant argued that "the Court lacks the appropriate jurisdiction to hear this cause of action absent Plaintiff's showing that she exhausted her administrative remedies prior to filing a law suit under Title VII." Defendant's Memorandum of Law in Support of Motion to Dismiss, 2. Plaintiff, apparently misdirecting her response to the Magistrate's Court in Orangeburg, noted that she was "in full agreement [with the removal]" and asked for a continuance to allow her additional time to secure "two witnesses." Plaintiff's Reply Memorandum to Defendant's Motion

to Dismiss, 1 (Found as an Attachment to Plaintiff's Objections to Magistrate Judge's Report and Recommendation, 10). Plaintiff offered no additional argument in opposition to Defendant's motion.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on January 20, 2005. The Magistrate Judge granted Defendant's motion to dismiss as to any claims alleged by Plaintiff under Title VII of the Civil Rights Act of 1964. Report and Recommendation, 3. Judge Marchant noted, however, that Plaintiff may have claims under the South Carolina Human Affairs Law. Id. at 2. Accordingly, Judge Marchant recommended that the court remand the case to state court "to allow Plaintiff to pursue any state claims she may have intended to bring in this action." Id. at 3.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff filed objections to the Report and Recommendation on February 2, 2005 ("Plaintiff's Objections"). Defendant filed objections on

February 4, 2005 ("Defendant's Objections").[1]

## II. Law/Discussion

As a threshold matter, the court chooses to address Judge Marchant's stated assumption that Plaintiff brings claims under Title VII and, possibly, under South Carolina Human Affairs Law. Report and Recommendation, 2. It is well established that the party who brings a suit is master to decide what law [she] will rely upon. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913). Further, jurisdiction may not be sustained on a theory that the plaintiff has not advanced. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 n.6 (1986). Plaintiff has never alleged that she bases her claim on Title VII or on South Carolina Human Affairs Law. However, Plaintiff was proceeding *pro se* in this action at the time she filed her complaint. Generally, a *pro se* litigant's pleadings should be construed liberally to avoid inequity and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The court finds that the Magistrate Judge astutely balanced these interests and was correct in construing Plaintiff's *pro se* complaint. The court agrees with the Magistrate Judge's determination and will treat Plaintiff's complaint as one based on Title VII and as seeking redress under state law.

Having addressed the Magistrate Judge's framework for recommending a disposition of this

---

[1] Plaintiff's objection addresses only her error in directing her opposition to Defendant's motion to the Magistrate's Court in Orangeburg and not to the U.S. District Court in Columbia. As this objection fails to take issue with the Magistrate's Report and Recommendation, the court need not address it. Orpiano, 687 F.2d at 47-48. The court notes, however, that it is in receipt of Plaintiff's misdirected response and has considered it in evaluating the Magistrate Judge's Report and Recommendation.

matter, the court now turns to Judge Marchant's specific recommendations. As for claims arising under Title VII, "[u]nder section 706(c) of Title VII, a plaintiff must exhaust her administrative remedies prior to instituting a judicial action alleging employment discrimination." Puryear v. County of Roanoke, 214 F.3d 514, 517 (4th Cir. 2000). The exhaustion requirement for actions brought under Title VII is "variously referred to as a jurisdictional prerequisite to adjudication in the federal courts, a procedural prerequisite to bringing suit, and a requirement that a claimant exhaust administrative remedies." Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999). There is no dispute that Plaintiff has not exhausted the administrative remedies available for the violations of Title VII she alleges. Accordingly, the court adopts the Magistrate Judge's recommendation that all claims under Title VII be dismissed without prejudice.

The court next turns to any claims remaining under South Carolina state law. Title 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction . . . ." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 n.15 (4th Cir. 2002). Defendant argues that the court should exercise jurisdiction and dismiss Plaintiff's state law claims because "any state law claim is identical to Plaintiff's Title VII claim" and would require similar administrative exhaustion. Defendant's Objections, 2-3. A state court is in a better position to determine whether Plaintiff must exhaust any administrative remedies at the state level. The court declines to exercise jurisdiction over Plaintiff's remaining state law claims.

Defendant argues, in the alternative, that the court should dismiss all remaining claims without prejudice rather than remanding the within action to state court. Defendant's Objections, 3. In certain circumstances, "a remand of a removed case involving pendent claims will better

4

accommodate [the values of economy, convenience, fairness, and comity] than will dismissal of the case. . . ." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988).  As noted, it is unclear from the face of Plaintiff's complaint what state law basis, if any, she argues in support of her claim. Rather than hypothesize further on what redress Plaintiff seeks, the court finds that economy and fairness mandate a remand to state court of any remaining state law claims.  Therefore, the court adopts the Magistrate Judge's Report and Recommendation and remands to state court any state law claims asserted by Plaintiff in her complaint.

### III.  Conclusion

The court adopts the Report and Recommendation of the Magistrate Judge.  Defendant's motion to dismiss all claims raised pursuant to Title VII of the Civil Rights Act of 1964 is **granted**. The court **remands** to state court any claims asserted by Plaintiff arising under South Carolina law.

**IT IS SO ORDERED.**

 /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

November 14, 2005
Columbia, South Carolina